**SUMMONS**

| | |
|---|---|
| Attorney(s) Garrity Graham Murphy Garofalo & Flinn, PC | **Superior Court of New Jersey** |
| Office Address 425 Eagle Rock Ave., Suite 202 | |
| Town, State, Zip Code Roseland, NJ 07068 | |
| | Essex          County |
| Telephone Number 973-509-7500 | Law          Division |
| Attorney(s) for Plaintiff Raymonds's Restaurant Corporation | Docket No: ESX-L-007974-24 |
| d/b/a Raymon's (Montclair) | |

Raymond's Restaurant Corporation d/b/a
          Plaintiff(s)

**CIVIL ACTION
SUMMONS**

          vs.

The Travelers Indemnity Company of

Connecticut and ACE Property
          Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

/s/ Michele M Smith
          Clerk of the Superior Court

DATED: 11/15/2024

Name of Defendant to Be Served: The Travelers Indemnity Company of Connecticut
                                 c/o New Jersey Dept. of
Address of Defendant to Be Served: Banking & Insurance, 20 W. State St., Trenton, NJ 08625

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Francis X. Garrity, Esq. (Attorney # 009471973)
**GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN**
**A Professional Corporation**
**72 Eagle Rock Avenue, Suite 350**
**P.O. Box 438**
**East Hanover, NJ 07936**
**Telephone: 973 509-7500**
**Attorneys for Plaintiff, Raymonds**
**Restaurant Corp. d/b/a Raymond's (Montclair)**
**Our File No.: 990.27942/FXG**

| | |
|---|---|
| RAYMOND'S RESTAURANT CORPORATION d/b/a RAYMOND'S (MONTCLAIR) and RAYMOND'S RIDGEWOOD, LLC, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO. ESX-L- |
| Plaintiffs, | Civil Action |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT and ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendants. | |

Plaintiffs, Raymond's Restaurant Corporation d/b/a Raymond's (Montclair) (hereinafter "Raymond's Montclair") and Raymond's Ridgewood, LLC (hereinafter "Raymond's Ridgewood") complain of the defendants, The Travelers Indemnity Company of Connecticut (hereinafter "Travelers") and ACE Property and Casualty Insurance Company (hereinafter "ACE") and state:

### THE PARTIES

1.      Plaintiff, Raymond's Montclair, is a corporation organized under the laws of the State of New Jersey with its principal place of business at 28 Church Street, Montclair, New Jersey 07042.

2.     Plaintiff, Raymond's Ridgewood, is a corporation organized under the laws of the State of New Jersey with its principal place of business at 28 Church Street, Montclair, New Jersey 07042.

3.     Defendant, Travelers, is an insurance company authorized to do business in the State of New Jersey.

4.     Defendant, ACE, is an insurance company authorized to do business in the State of New Jersey.

**COUNT ONE**

**BREACH OF CONTRACT BY TRAVELERS - POLICY NO. 680-8J231653-19-42**

5.     Commencing on September 16, 2019 and ending on September 16, 2020, Travelers issued a policy of insurance to Raymond's Montclair, to wit, Policy No. 680-8J231653-19-42.

6.     The policy issued by Travelers to Raymond's Montclair provided for insurance coverage for the risk of "employee dishonesty."

7.     Specifically, the Travelers policy provided, in part, as follows, with respect to employee dishonesty.

    d.  **Employee Dishonesty**

    (1) We will pay for loss of or damage to Covered Property resulting directly from "employee dishonesty."

    We will pay for loss or damage you sustained through acts committed or event occurring during the Policy Period regardless of the number of years this insurance remains in force or the number of premiums paid, no limit of insurance cumulates year to year or period to period.

***

8.     Plaintiff Raymond's Montclair paid the premium for the insurance policy issued by Travelers to it.

2

9.     Plaintiff Raymond's Montclair expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

10.    The Travelers policy covering employee dishonesty expressly covered for loss during the Policy Period.

11.    During the policy period of the Travelers policy during which coverage was extended by Travelers to Raymond's Montclair for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

12.    Due demand was made by Raymond's Montclair upon Travelers for payment of $25,000 for the loss occurring during the Travelers policy period, i.e. during the period the Travelers policy was in force covering Raymond's Montclair.

13.    Travelers has refused to pay the $25,000 due under the policy contending that it had a "non-cumulation" clause in its policy that precluded Raymond's Montclair from recovering more than $25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. 680-8J231653-20-42 in effect during the period of September 16, 2020 to September 16, 2021.

14.    The New Jersey Supreme Court in <u>Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co.</u>, 176 <u>N.J.</u> 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insureds were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

15.    Travelers has wrongfully denied coverage for the loss sustained by plaintiff Raymond's Montclair during the policy period.

**WHEREFORE**, plaintiff Raymond's Montclair demands judgment against Travelers in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

## COUNT TWO

## BREACH OF CONTRACT BY TRAVELERS - POLICY NO. 680-8J231653-21-42

16.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

17.     Commencing on September 16, 2021 and ending on September 16, 2022, Travelers issued a policy of insurance to Raymond's Montclair, to wit, Policy No. 680-8J231653-21-42.

18.     The policy issued by Travelers to Raymond's Montclair provided for insurance coverage for the risk of "employee dishonesty."

19.     Specifically, the Travelers policy provided, in part, as follows, with respect to employee dishonesty.

> d. **Employee Dishonesty**
>
> (1) We will pay for loss of or damage to Covered Property resulting directly from "employee dishonesty."
>
> We will pay for loss or damage you sustained through acts committed or event occurring during the Policy Period regardless of the number of years this insurance remains in force or the number of premiums paid, no limit of insurance cumulates year to year or period to period.
>
>                           \*\*\*

20.     Plaintiff Raymond's Montclair paid the premium for the insurance policy issued by Travelers to it.

21.     Plaintiff Raymond's Montclair expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

4

22. The Travelers policy covering employee dishonesty expressly covered for loss during the Policy Period.

23. During the policy period of the Travelers policy during which coverage was extended by Travelers to Raymond's Montclair for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

24. Due demand was made by Raymond's Montclair upon Travelers for payment of $25,000 for the loss occurring during the Travelers policy period, i.e. during the period the Travelers policy was in force covering Raymond's Montclair.

25. Travelers has refused to pay the $25,000 due under the policy contending that it had a "non-cumulation" clause in its policy that precluded Raymond's Montclair from recovering more than 25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. 680-8J231653-20-42 in effect during the period of September 16, 2020 to September 16, 2021.

26. The New Jersey Supreme Court in Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co., 176 N.J. 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insureds were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

27. Travelers has wrongfully denied coverage for the loss sustained by plaintiff Raymond's Montclair during the policy period.

**WHEREFORE**, plaintiff Raymond's Montclair demands judgment against Travelers in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

## COUNT THREE

### BREACH OF CONTRACT BY ACE - POLICY NO. D951543113N

28. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29. Commencing on November 15, 2020 and ending on November 15, 2021 ACE issued a policy of insurance to Raymond's Ridgewood, to wit, Policy No. D95154311.

30. The Policy issued by ACE to Raymond's Ridgewood provided for insurance coverage for the risk "employee dishonesty."

31. The ACE policy provided, in part, as follows, with respect to employee dishonesty:

**Employee Dishonesty**

    a. We will pay for direct loss of or damage to Business Personal Property and "money" and "securities" resulting from dishonest acts committed by any of your employees acting alone or in collusion with other persons (except you or your partner) with the manifest intent to:

        **(2)** Cause you to sustain loss or damage; and also
        **(3)** Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other employee benefits earned in the normal course of employment) for:
           **(a)** Any employee; or
           **(b)** Any other person or organization.

                    \*\*\*

    c. The most we will pay for loss or damage in any one occurrence is the Limit Of Insurance for Employee Dishonesty shown in the Declarations.
    d. All loss or damage:
        **(1)** Caused by one or more persons; or
        **(2)** Involving a single act or series of acts;
        Is considered one occurrence.
    e. If any loss is covered:

**(1)** Partly by this insurance; and
**(2)** Partly by any prior cancelled or terminated insurance that we or any affiliate had issued to you or any predecessor in interest;
the most we will pay is the larger of the amount recoverable under this insurance or the prior insurance.

We will pay only for loss or damage you sustain through acts committed or events occurring during the policy period. Regardless of the number of years this policy remains in force or the number of premiums paid, no Limit of Insurance cumulates from year to year or period to period.

*** 

32.     Plaintiff Raymond's Ridgewood paid a premium for the policy issued by ACE to it.

33.     Plaintiff Raymond's Ridgewood expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

34.     The ACE policy covering employee dishonesty expressly covered for loss during the Policy Period.

35.     During the policy period of the ACE policy during which coverage was extended by ACE to Raymond's Ridgewood for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

36.     Due demand was made by Raymond's Ridgewood upon ACE for payment of $25,000 for loss occurring during the ACE policy period, i.e. during the period the ACE policy was in force covering Raymond's Ridgewood.

37.     ACE has refused to pay the $25,000 due under the policy in effect from November 15, 2020 to November 15, 2021 contending that it had a "non-cumulation' clause in its policy that

precluded Raymond's Ridgewood from recovering more than $25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. D95154311 in effect during the period of November 15, 2022 to November 15, 2023.

38.     The New Jersey Supreme Court in <u>Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co.</u>, 176 <u>N.J.</u> 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insureds were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

39.     ACE has wrongfully denied coverage under the policy issued to Raymond's Ridgewood.

WHEREFORE, plaintiff Raymond's Ridgewood demands judgment against ACE in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

**COUNT FOUR**

**BREACH OF CONTRACT BY ACE - POLICY NO. D95154311**

40.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Commencing on September 16, 2021 and ending on September 16, 2022 ACE issued a policy of insurance to Raymond's Ridgewood, to wit, Policy No. D95154311.

42.     The Policy issued by ACE to Raymond's Ridgewood provided for insurance coverage for the risk "employee dishonesty."

43.     The ACE policy provided, in part, as follows, with respect to employee dishonesty:

**Employee Dishonesty**

   a. We will pay for direct loss of or damage to Business Personal Property and "money" and "securities" resulting from dishonest acts committed by any of your employees acting alone or in collusion with other

8.

persons (except you or your partner) with the manifest intent to:

(4) Cause you to sustain loss or damage; and also
(5) Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other employee benefits earned in the normal course of employment) for:
   (c)    Any employee; or
   (d)    Any other person or organization.

***

c. The most we will pay for loss or damage in any one occurrence is the Limit Of Insurance for Employee Dishonesty shown in the Declarations.
d. All loss or damage:
   (1) Caused by one or more persons; or
   (2) Involving a single act or series of acts;
   Is considered one occurrence.
e. If any loss is covered:
   (1) Partly by this insurance; and
   (2) Partly by any prior cancelled or terminated insurance that we or any affiliate had issued to you or any predecessor in interest;
   the most we will pay is the larger of the amount recoverable under this insurance or the prior insurance.

We will pay only for loss or damage you sustain through acts committed or events occurring during the policy period. Regardless of the number of years this policy remains in force or the number of premiums paid, no Limit of Insurance cumulates from year to year or period to period.

***

44.    Plaintiff Raymond's Ridgewood paid a premium for the policy issued by ACE to it.

9

45.     Plaintiff Raymond's Ridgewood expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

46.     The ACE policy covering employee dishonesty expressly covered for loss during the policy period.

47.     During the policy period of the ACE policy during which coverage was extended by ACE to Raymond's Ridgewood for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

48.     Due demand was made by Raymond's Ridgewood upon ACE for payment of $25,000 for loss occurring during the ACE policy period, i.e. during the period the ACE policy was in force covering Raymond's Ridgewood.

49.     ACE has refused to pay the $25,000 due under the policy contending that it had a "non-cumulation" clause in its policy that precluded Raymond's Ridgewood from recovering more than $25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. D95154311 in effect from November 15, 2022 to November 2023.

50.     The New Jersey Supreme Court in Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co., 176 N.J. 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insured were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

51.     ACE has wrongfully denied coverage under the policy issued to Raymond's Ridgewood.

WHEREFORE, plaintiff Raymond's Ridgewood demands judgment against ACE in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

## COUNT FIVE

## INSURER BAD FAITH AGAINST TRAVELERS

52.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.     As an insurance company authorized to do business in New Jersey, defendant Travelers has an obligation to act in good faith in considering and assessing plaintiffs' claims of coverage under the policies issued to them.

54.     N.J.S.A. 17:20B-4 prohibits the defendant Travelers from engaging in any unfair claim settlement practices including failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; no attempting in good faith to effectuate, prompt and equitable settlement of the claims in which liability has become reasonably clear; compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; attempting to settle a claim for less than the amount to which a reasonable man would have been believed he was entitled by reference to written or printed advertising material, accompanying or made part of such an application.

55.     The insurance contract imposed on each party the duty of good faith and fair dealing in their performance and their enforcement.

56.     The defendant Travelers' representatives were obligated to exercise good faith and reasonable skill in the construction of the defendant's policies, including meeting the requirements of N.J.S.A. 17:20B-4.

11

57.   The defendant Travelers through its agents, failed to act in good faith in their assessment of the terms and conditions of the defendant's policies.

58.   The defendant Travelers failed to assess communications exchanged during the course of negotiations between representatives of the parties, assess the statements of their own underwriters, assess the underwriting documentation, or assess principles of law and accepted construction of the terms of art within the defendant's policies.

59.   In failing to act in good faith, the defendant Travelers' conduct constituted bad faith and a violation of New Jersey law as set forth in Pickett v. Lloyd's, 131 N.J. 57 (1993).

WHEREFORE, plaintiffs demand judgment against the defendant Travelers as well as:

a)   Declaring and adjudging that the defendant Travelers Indemnity Company of Connecticut breached its obligation to engage in good faith and fair dealing with respect to assessment of plaintiffs' claims for coverage under the policies;

b)   Declaring that defendant Travelers in bad faith in its assessment of plaintiffs' claims for coverage under the policies;

c)   Award compensatory and punitive damages in favor of the plaintiffs and against the defendant for its bad faith;

d)   Award attorney's fees and costs to the plaintiffs for violation by the defendant of its obligations to act in good faith and deal fairly; and

e)   For such other and further relief that the Court deems just under the circumstance.

## COUNT SIX

### INSURER BAD FAITH AGAINST ACE

60.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.     As an insurance company authorized to do business in New Jersey, defendant ACE has an obligation to act in good faith in considering and assessing plaintiffs' claims of coverage under the policies issued to them.

62.     N.J.S.A. 17:20B-4 prohibits the defendant ACE from engaging in any unfair claim settlement practices including failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; no attempting in good faith to effectuate, prompt and equitable settlement of the claims in which liability has become reasonably clear; compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; attempting to settle a claim for less than the amount to which a reasonable man would have been believed he was entitled by reference to written or printed advertising material, accompanying or made part of such an application.

63.     The insurance contracts imposed on each party the duty of good faith and fair dealing in their performance and their enforcement.

64.     The defendant ACE's representatives were obligated to exercise good faith and reasonable skill in the construction of the defendant's policies, including meeting the requirements of N.J.S.A. 17:20B-4.

13

65.    The defendant ACE, through its agents, failed to act in good faith in their assessment of the terms and conditions of the defendant's policies.

66.    The defendant ACE failed to assess communications exchanged during the course of negotiations between representatives of the parties, assess the statements of their own underwriters, assess the underwriting documentation, or assess principles of law and accepted construction of the terms of art within the defendant's policies.

67.    In failing to act in good faith, the defendant ACE's conduct constituted bad faith and a violation of New Jersey law as set forth in Pickett v. Lloyd's, 131 N.J. 57 (1993).

WHEREFORE, plaintiffs demand judgment against the defendant ACE Property and Casualty Insurance Company as well as:

a)    Declaring and adjudging that the defendant ACE Property and Casualty Insurance Company breached its obligation to engage in good faith and fair dealing with respect to assessment of plaintiffs' claims for coverage under the policies;

b)    Declaring that defendant ACE engaged in bad faith in its assessment of plaintiffs' claims for coverage under the policies;

c)    Award compensatory and punitive damages in favor of the plaintiffs and against the defendant for its bad faith;

d)    Award attorney's fees and costs to the plaintiffs for violation by the defendant of its obligations to act in good faith and deal fairly; and

e)    For such other and further relief that the Court deems just under the circumstance.

14

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, this court is hereby advised that Thomas D. Flinn, Esq. is designated as trial counsel for Plaintiffs, Raymond's Montclair and Raymond's Ridgewood.

## CERTIFICATION PRUSUANT TO R. 1:38-1

Pursuant to R. 1:38-7 (b), I hereby certify that confidential personal identifiers, if any, have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future.

> GARRITY, GRAHAM MURPHY,
> GAROFALO & FLINN, P.C.
> Attorneys for Plaintiff, Raymonds
> Restaurant Corp. d/b/a Raymond's
> (Montclair) and Raymond's Ridgewood,
> LLC
>
> By: /s/ *Francis X. Garrity*
>     FRANCIS X. GARRITY

DATED: November 14, 2024

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that the matter stated herein is not the subject of any other pending action in any court or any arbitration proceeding nor is any other action or arbitration proceeding presently contemplated.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GARRITY, GRAHAM MURPHY,
GAROFALO & FLINN, P.C.
Attorneys for Plaintiff, Raymonds
Restaurant Corp. d/b/a Raymond's
(Montclair) and Raymond's Ridgewood,
LLC

By: /s/ *Francis X. Garrity*
       FRANCIS X. GARRITY

DATED: November 14, 2024

16