Francis X. Garrity, Esq. (Attorney # 009471973)
**GARRITY, GRAHAM, MURPHY, GAROFALO & FLINN**
A Professional Corporation
72 Eagle Rock Avenue, Suite 350
P.O. Box 438
East Hanover, NJ 07936
Telephone: 973 509-7500
**Attorneys for Plaintiff, Raymonds Restaurant Corp. d/b/a Raymond's (Montclair)**
Our File No.: 990.27942/FXG

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND'S RESTAURANT CORPORATION d/b/a RAYMOND'S (MONTCLAIR) and RAYMOND'S RIDGEWOOD, LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; THE TRAVELERS INDEMNITY COMPANY OR AMERICA and ACE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>      Defendants. | Civil Action:  24-cv-11189<br><br><br>**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs, Raymond's Restaurant Corporation d/b/a Raymond's (Montclair) (hereinafter "Raymond's Montclair") and Raymond's Ridgewood, LLC (hereinafter "Raymond's Ridgewood") complain of the defendants, The Travelers Indemnity Company of Connecticut (hereinafter "Travelers of Connecticut"), The Travelers Indemnity Company of America (hereinafter "Travelers of America") and ACE Property and Casualty Insurance Company (hereinafter "ACE") and state:

## THE PARTIES

1. Plaintiff, Raymond's Montclair, is a corporation organized under the laws of the State of New Jersey with its principal place of business at 28 Church Street, Montclair, New Jersey 07042.

2. Plaintiff, Raymond's Ridgewood, is a corporation organized under the laws of the State of New Jersey with its principal place of business at 28 Church Street, Montclair, New Jersey 07042.

3. Defendant, Travelers of Connecticut, is an insurance company authorized to do business in the State of New Jersey.

4. Defendant, Travelers of America, is an insurance company authorized to do business in the State of New Jersey.

5. Defendant, ACE, is an insurance company authorized to do business in the State of New Jersey.

## COUNT ONE

### BREACH OF CONTRACT
### BY TRAVELERS OF CONNECTICUT - POLICY NO. 680-8J231653-19-42

6. Commencing on September 16, 2019 and ending on September 16, 2020, Travelers of Connecticut issued a policy of insurance to Raymond's Montclair, to wit, Policy No. 680-8J231653-19-42.

7. The policy issued by Travelers of Connecticut to Raymond's Montclair provided for insurance coverage for the risk of "employee dishonesty."

8. Specifically, the Travelers of Connecticut policy provided, in part, as follows, with respect to employee dishonesty.

   d. **Employee Dishonesty**

> (1) We will pay for loss of or damage to Covered Property resulting directly from "employee dishonesty."
>
> We will pay for loss or damage you sustained through acts committed or event occurring during the Policy Period regardless of the number of years this insurance remains in force or the number of premiums paid, no limit of insurance cumulates year to year or period to period.

***

9. Plaintiff Raymond's Montclair paid the premium for the insurance policy issued by Travelers to it.

10. Plaintiff Raymond's Montclair expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

11. The Travelers of Connecticut policy covering employee dishonesty expressly covered for loss during the Policy Period.

12. During the policy period of the Travelers of Connecticut policy during which coverage was extended by Travelers of Connecticut to Raymond's Montclair for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

13. Due demand was made by Raymond's Montclair upon Travelers of Connecticut for payment of $25,000 for the loss occurring during the Travelers of Connecticut policy period, i.e. during the period the Travelers of Connecticut policy was in force covering Raymond's Montclair.

14. Travelers of Connecticut has refused to pay the $25,000 due under the policy contending that it had a "non-cumulation" clause in its policy that precluded Raymond's Montclair from recovering more than $25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. 680-8J231653-20-42 in effect during the period of September 16, 2020 to September 16, 2021.

15. The New Jersey Supreme Court in Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co., 176 N.J. 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insureds were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

16. Travelers of Connecticut has wrongfully denied coverage for the loss sustained by plaintiff Raymond's Montclair during the policy period.

**WHEREFORE**, plaintiff Raymond's Montclair demands judgment against Travelers of Connecticut in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

## COUNT TWO

### BREACH OF CONTRACT BY TRAVELERS OF AMERICA - POLICY NO. 680-8J231653-21-42

17. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Commencing on September 16, 2021 and ending on September 16, 2022, Travelers of America issued a policy of insurance to Raymond's Montclair, to wit, Policy No. 680-8J231653-21-42.

19. The policy issued by Travelers of America to Raymond's Montclair provided for insurance coverage for the risk of "employee dishonesty."

20. Specifically, the Travelers of America policy provided, in part, as follows, with respect to employee dishonesty.

> d. **Employee Dishonesty**
>
> (1) We will pay for loss of or damage to Covered Property resulting directly from "employee dishonesty."

4

> We will pay for loss or damage you sustained through acts committed or event occurring during the Policy Period regardless of the number of years this insurance remains in force or the number of premiums paid, no limit of insurance cumulates year to year or period to period.

*\*\*\**

21. Plaintiff Raymond's Montclair paid the premium for the insurance policy issued by Travelers of America to it.

22. Plaintiff Raymond's Montclair expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

23. The Travelers of America policy covering employee dishonesty expressly covered for loss during the Policy Period.

24. During the policy period of the Travelers of America policy during which coverage was extended by Travelers of America to Raymond's Montclair for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

25. Due demand was made by Raymond's Montclair upon Travelers of America for payment of $25,000 for the loss occurring during the Travelers of America policy period, i.e. during the period the Travelers of America policy was in force covering Raymond's Montclair.

26. Travelers of America has refused to pay the $25,000 due under the policy contending that it had a "non-cumulation" clause in its policy that precluded Raymond's Montclair from recovering more than 25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. 680-8J231653-20-42 in effect during the period of September 16, 2020 to September 16, 2021.

27. The New Jersey Supreme Court in <u>Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co.</u>, 176 <u>N.J.</u> 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insureds were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

28. Travelers of America has wrongfully denied coverage for the loss sustained by plaintiff Raymond's Montclair during the policy period.

**WHEREFORE**, plaintiff Raymond's Montclair demands judgment against Travelers of America in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

## COUNT THREE

### BREACH OF CONTRACT BY ACE - POLICY NO. D951543113N

29. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Commencing on November 15, 2020 and ending on November 15, 2021 ACE issued a policy of insurance to Raymond's Ridgewood, to wit, Policy No. D95154311.

31. The Policy issued by ACE to Raymond's Ridgewood provided for insurance coverage for the risk "employee dishonesty."

32. The ACE policy provided, in part, as follows, with respect to employee dishonesty:

**Employee Dishonesty**

    a. We will pay for direct loss of or damage to Business Personal Property and "money" and "securities" resulting from dishonest acts committed by any of your employees acting alone or in collusion with other persons (except you or your partner) with the manifest intent to:

        **(2)** Cause you to sustain loss or damage;

and also
**(3)** Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other employee benefits earned in the normal course of employment) for:
**(a)** Any employee; or
**(b)** Any other person or organization.

\*\*\*

**c.** The most we will pay for loss or damage in any one occurrence is the Limit Of Insurance for Employee Dishonesty shown in the Declarations.
**d.** All loss or damage:
**(1)** Caused by one or more persons; or
**(2)** Involving a single act or series of acts;
Is considered one occurrence.
**e.** If any loss is covered:
**(1)** Partly by this insurance; and
**(2)** Partly by any prior cancelled or terminated insurance that we or any affiliate had issued to you or any predecessor in interest;
the most we will pay is the larger of the amount recoverable under this insurance or the prior insurance.

We will pay only for loss or damage you sustain through acts committed or events occurring during the policy period.  Regardless of the number of years this policy remains in force or the number of premiums paid, no Limit of Insurance cumulates from year to year or period to period.

\*\*\*

33.     Plaintiff Raymond's Ridgewood paid a premium for the policy issued by ACE to it.

34.     Plaintiff Raymond's Ridgewood expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

35. The ACE policy covering employee dishonesty expressly covered for loss during the Policy Period.

36. During the policy period of the ACE policy during which coverage was extended by ACE to Raymond's Ridgewood for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

37. Due demand was made by Raymond's Ridgewood upon ACE for payment of $25,000 for loss occurring during the ACE policy period, i.e. during the period the ACE policy was in force covering Raymond's Ridgewood.

38. ACE has refused to pay the $25,000 due under the policy in effect from November 15, 2020 to November 15, 2021 contending that it had a "non-cumulation' clause in its policy that precluded Raymond's Ridgewood from recovering more than $25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. D95154311 in effect during the period of November 15, 2022 to November 15, 2023.

39. The New Jersey Supreme Court in <u>Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co.</u>, 176 <u>N.J.</u> 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insureds were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

40. ACE has wrongfully denied coverage under the policy issued to Raymond's Ridgewood.

WHEREFORE, plaintiff Raymond's Ridgewood demands judgment against ACE in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

## COUNT FOUR

## BREACH OF CONTRACT BY ACE - POLICY NO. D95154311

41.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.     Commencing on September 16, 2021 and ending on September 16, 2022 ACE issued a policy of insurance to Raymond's Ridgewood, to wit, Policy No. D95154311.

43.     The Policy issued by ACE to Raymond's Ridgewood provided for insurance coverage for the risk "employee dishonesty."

44.     The ACE policy provided, in part, as follows, with respect to employee dishonesty:

**Employee Dishonesty**

    a. We will pay for direct loss of or damage to Business Personal Property and "money" and "securities" resulting from dishonest acts committed by any of your employees acting alone or in collusion with other persons (except you or your partner) with the manifest intent to:

       **(4)** Cause you to sustain loss or damage; and also
       **(5)** Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other employee benefits earned in the normal course of employment) for:
           **(c)**   Any employee; or
           **(d)**   Any other person or organization.

***

    c. The most we will pay for loss or damage in any one occurrence is the Limit Of Insurance for Employee Dishonesty shown in the Declarations.
    d. All loss or damage:
       **(1)** Caused by one or more persons; or
       **(2)** Involving a single act or series of acts;
       Is considered one occurrence.
    e. If any loss is covered:

> **(1)** Partly by this insurance; and
> **(2)** Partly by any prior cancelled or terminated insurance that we or any affiliate had issued to you or any predecessor in interest;
> the most we will pay is the larger of the amount recoverable under this insurance or the prior insurance.
>
> We will pay only for loss or damage you sustain through acts committed or events occurring during the policy period. Regardless of the number of years this policy remains in force or the number of premiums paid, no Limit of Insurance cumulates from year to year or period to period.

***

45. Plaintiff Raymond's Ridgewood paid a premium for the policy issued by ACE to it.

46. Plaintiff Raymond's Ridgewood expected to receive the "benefit of its bargain" in payment of the premium and receipt of the insurance policy, i.e. expected to receive insurance coverage for employee dishonesty that occurred during the policy period.

47. The ACE policy covering employee dishonesty expressly covered for loss during the policy period.

48. During the policy period of the ACE policy during which coverage was extended by ACE to Raymond's Ridgewood for employee dishonesty, an employee, Michael D'Elia, stole in excess of $25,000.

49. Due demand was made by Raymond's Ridgewood upon ACE for payment of $25,000 for loss occurring during the ACE policy period, i.e. during the period the ACE policy was in force covering Raymond's Ridgewood.

50. ACE has refused to pay the $25,000 due under the policy contending that it had a "non-cumulation" clause in its policy that precluded Raymond's Ridgewood from recovering more

than $25,000 for employee dishonesty and it had already paid that amount under another policy, Policy No. D95154311 in effect from November 15, 2022 to November 2023.

51.    The New Jersey Supreme Court in Spaulding Composites Co., Inc. v. Aetna Cas. & Surety Co., 176 N.J. 25 (2003) held that "non-cumulation" clauses were invalid as against public policy in the State of New Jersey because insured were entitled to the benefit of their bargain for premium paid for each policy during which loss occurred.

52.    ACE has wrongfully denied coverage under the policy issued to Raymond's Ridgewood.

WHEREFORE, plaintiff Raymond's Ridgewood demands judgment against ACE in the amount of Twenty-Five Thousand ($25,000) Dollars plus interests and costs of suit.

## COUNT FIVE

### INSURER BAD FAITH AGAINST TRAVELERS OF CONNECTICUT

53.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.    As an insurance company authorized to do business in New Jersey, defendant Travelers of Connecticut has an obligation to act in good faith in considering and assessing plaintiffs' claims of coverage under the policies issued to them.

55.    N.J.S.A. 17:20B-4 prohibits the defendant Travelers of Connecticut from engaging in any unfair claim settlement practices including failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; no attempting in good faith to effectuate, prompt and equitable settlement

of the claims in which liability has become reasonably clear; compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; attempting to settle a claim for less than the amount to which a reasonable man would have been believed he was entitled by reference to written or printed advertising material, accompanying or made part of such an application.

56. The insurance contract imposed on each party the duty of good faith and fair dealing in their performance and their enforcement.

57. The defendant Travelers of Connecticut's representatives were obligated to exercise good faith and reasonable skill in the construction of the defendant's policies, including meeting the requirements of N.J.S.A. 17:20B-4.

58. The defendant Travelers of Connecticut through its agents, failed to act in good faith in their assessment of the terms and conditions of the defendant's policies.

59. The defendant Travelers of Connecticut failed to assess communications exchanged during the course of negotiations between representatives of the parties, assess the statements of their own underwriters, assess the underwriting documentation, or assess principles of law and accepted construction of the terms of art within the defendant's policies.

60. In failing to act in good faith, the defendant Travelers of Connecticut's conduct constituted bad faith and a violation of New Jersey law as set forth in Pickett v. Lloyd's, 131 N.J. 57 (1993).

WHEREFORE, plaintiffs demand judgment against the defendant Travelers of Connecticut as well as:

    a)    Declaring and adjudging that the defendant Travelers Indemnity Company of Connecticut breached its obligation to engage in good faith and fair dealing with respect to assessment of plaintiffs' claims for coverage under the policies;

    b)    Declaring that defendant Travelers of Connecticut in bad faith in its assessment of plaintiffs' claims for coverage under the policies;

    c)    Award compensatory and punitive damages in favor of the plaintiffs and against the defendant for its bad faith;

    d)    Award attorney's fees and costs to the plaintiffs for violation by the defendant of its obligations to act in good faith and deal fairly; and

    e)    For such other and further relief that the Court deems just under the circumstance.

## COUNT SIX

## INSURER BAD FAITH AGAINST TRAVELERS OF AMERICA

61.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.    As an insurance company authorized to do business in New Jersey, defendant Travelers of America has an obligation to act in good faith in considering and assessing plaintiffs' claims of coverage under the policies issued to them.

63.    N.J.S.A. 17:20B-4 prohibits the defendant Travelers of America from engaging in any unfair claim settlement practices including failing to adopt and implement reasonable

13

standards for the prompt investigation of claims arising under the insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; no attempting in good faith to effectuate, prompt and equitable settlement of the claims in which liability has become reasonably clear; compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; attempting to settle a claim for less than the amount to which a reasonable man would have been believed he was entitled by reference to written or printed advertising material, accompanying or made part of such an application.

64. The insurance contract imposed on each party the duty of good faith and fair dealing in their performance and their enforcement.

65. The defendant Travelers of America's representatives were obligated to exercise good faith and reasonable skill in the construction of the defendant's policies, including meeting the requirements of N.J.S.A. 17:20B-4.

66. The defendant Travelers of America through its agents, failed to act in good faith in their assessment of the terms and conditions of the defendant's policies.

67. The defendant Travelers of America failed to assess communications exchanged during the course of negotiations between representatives of the parties, assess the statements of their own underwriters, assess the underwriting documentation, or assess principles of law and accepted construction of the terms of art within the defendant's policies.

68. In failing to act in good faith, the defendant Travelers of America's conduct constituted bad faith and a violation of New Jersey law as set forth in <u>Pickett v. Lloyd's</u>, 131 <u>N.J.</u> 57 (1993).

WHEREFORE, plaintiffs demand judgment against the defendant Travelers of America as well as:

    f) Declaring and adjudging that the defendant Travelers Indemnity Company of America breached its obligation to engage in good faith and fair dealing with respect to assessment of plaintiffs' claims for coverage under the policies;

    g) Declaring that defendant Travelers of America in bad faith in its assessment of plaintiffs' claims for coverage under the policies;

    h) Award compensatory and punitive damages in favor of the plaintiffs and against the defendant for its bad faith;

    i) Award attorney's fees and costs to the plaintiffs for violation by the defendant of its obligations to act in good faith and deal fairly; and

    j) For such other and further relief that the Court deems just under the circumstance.

## **COUNT SEVEN**

## **INSURER BAD FAITH AGAINST ACE**

69. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70. As an insurance company authorized to do business in New Jersey, defendant ACE has an obligation to act in good faith in considering and assessing plaintiffs' claims of coverage under the policies issued to them.

71. N.J.S.A. 17:20B-4 prohibits the defendant ACE from engaging in any unfair claim settlement practices including failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; no attempting in good faith to effectuate, prompt and equitable settlement of the claims in which liability has become reasonably clear; compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; attempting to settle a claim for less than the amount to which a reasonable man would have been believed he was entitled by reference to written or printed advertising material, accompanying or made part of such an application.

72. The insurance contracts imposed on each party the duty of good faith and fair dealing in their performance and their enforcement.

73. The defendant ACE's representatives were obligated to exercise good faith and reasonable skill in the construction of the defendant's policies, including meeting the requirements of N.J.S.A. 17:20B-4.

74. The defendant ACE, through its agents, failed to act in good faith in their assessment of the terms and conditions of the defendant's policies.

75. The defendant ACE failed to assess communications exchanged during the course of negotiations between representatives of the parties, assess the statements of their own

underwriters, assess the underwriting documentation, or assess principles of law and accepted construction of the terms of art within the defendant's policies.

76.  In failing to act in good faith, the defendant ACE's conduct constituted bad faith and a violation of New Jersey law as set forth in Pickett v. Lloyd's, 131 N.J. 57 (1993).

WHEREFORE, plaintiffs demand judgment against the defendant ACE Property and Casualty Insurance Company as well as:

   a) Declaring and adjudging that the defendant ACE Property and Casualty Insurance Company breached its obligation to engage in good faith and fair dealing with respect to assessment of plaintiffs' claims for coverage under the policies;

   b) Declaring that defendant ACE engaged in bad faith in its assessment of plaintiffs' claims for coverage under the policies;

   c) Award compensatory and punitive damages in favor of the plaintiffs and against the defendant for its bad faith;

   d) Award attorney's fees and costs to the plaintiffs for violation by the defendant of its obligations to act in good faith and deal fairly; and

   e) For such other and further relief that the Court deems just under the circumstance.

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to the provisions of Rule 4:25-4, this court is hereby advised that Thomas D. Flinn, Esq. is designated as trial counsel for Plaintiffs, Raymond's Montclair and Raymond's Ridgewood.

## CERTIFICATION PRUSUANT TO R. 1:38-1

Pursuant to R. 1:38-7 (b), I hereby certify that confidential personal identifiers, if any, have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future.

                                                   GARRITY, GRAHAM MURPHY,
GAROFALO & FLINN, P.C.
Attorneys for Plaintiff, Raymonds Restaurant Corp. d/b/a Raymond's (Montclair) and Raymond's Ridgewood, LLC

By: /s/ *Francis X. Garrity*
      FRANCIS X. GARRITY

DATED: January 6, 2025

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies that the matter stated herein is not the subject of any other pending action in any court or any arbitration proceeding nor is any other action or arbitration proceeding presently contemplated.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

GARRITY, GRAHAM MURPHY,
GAROFALO & FLINN, P.C.
Attorneys for Plaintiff, Raymonds Restaurant Corp. d/b/a Raymond's (Montclair) and Raymond's Ridgewood, LLC

By: /s/ *Francis X. Garrity*
      FRANCIS X. GARRITY

DATED: January 6, 2025