NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 24, 2025

Francis X. Garrity, Esq.
Garrity Graham Murphy Garofalo & Flinn
425 Eagle Rock Avenue
Suite 202
Roseland, NJ 07068
*Counsel for Plaintiffs*

Adam P. Friedman, Esq.
Claire M. Diallo, Esq.
Chiesa Shahinian & Giantomasi Pc
105 Eisenhower Parkway
Roseland, NJ 07068
*Counsel for Defendant*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:   *Raymond's Restaurant Corporation d/b/a Raymond's (Montclair) and Raymond's Ridgewood, LLC v. The Travelers Indemnity Company of America and Ace Property and Casualty Insurance Company*
Civ. No. 24-11189 (SDW) (JRA)

Counsel:

Before this Court are Plaintiffs Raymond's Restaurant Corporation d/b/a Raymond's (Montclair) and Raymond's Ridgewood, LLC ("Plaintiffs") and Defendant The Travelers Indemnity Company of America's ("Defendant") cross-motions for summary judgment (D.E. 25 ("SJ Mot. I") and D.E. 27 ("SJ Mot. II."))[1], pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral

---

[1] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs, affidavits, declarations, and statements of undisputed facts, and the documents attached to and referenced therein.

argument pursuant to Rule 78. For the reasons set forth herein, Plaintiffs Motion is **DENIED** and Defendant's Motion is **GRANTED**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are undisputed. Defendant issued an insurance policy (the "Policy") to Plaintiffs for the policy period of September 16, 2020 to September 16, 2021. (D.E. 25-2 ("Joint SMF") ¶ 1.) The Policy was renewed for the policy period of September 16, 2021 to September 16, 2022. (*Id.* ¶ 3.) The Policy was again renewed for the policy period of September 16, 2022 to September 16, 2023, but this time the insurer was The Charter Oak Fire Insurance Company ("Charter Oak"), an affiliate of Defendant. (*Id.* ¶ 4.) The Policy, and all the renewals, provided Plaintiffs with the same coverage for losses resulting from "employee dishonesty," as defined by and pursuant to its terms and conditions. (*Id.* ¶ 5.)

The Policy provided a limit of coverage for loss resulting from "employee dishonesty" of $25,000 per occurrence. (*Id.* ¶ 7.) Between February 1, 2020 and January 23, 2022, while employed by Plaintiffs as a bookkeeper/accountant, Michael D'Elia ("D'Elia") stole $1,123,964.08 from Plaintiffs by writing checks to himself and paying his personal debts with their account. (*Id.* ¶¶ 8–10.) During the relevant time period, D'Elia was an "employee" of Plaintiffs as defined by the Policy. (*Id.* ¶ 11.) Plaintiffs subsequently submitted a claim to Defendant seeking reimbursement of the loss resulting from D'Elia's "employee dishonesty." (*Id.* ¶ 12.) On April 15, 2024, Plaintiffs submitted a sworn Proof of Loss to Defendant in support of its claim. (*Id.* ¶ 13.) On May 8, 2024, Charter Oak issued payment of $25,000 to Plaintiffs in connection with the claim pursuant to the 2022-2023 Policy. (*Id.* ¶ 14.)

Plaintiffs filed the instant lawsuit on November 14, 2024, in the Superior Court of New Jersey, Law Division, Essex County, which Defendant removed to this Court on December 16, 2024. (D.E. 1, 1-1.) The operative complaint asserts claims for: (1) breach of contract against Defendant for Policy No. 680-8J231653-19-42 (Count I); (2) breach of contract against Defendant for Policy No. 680-8J231653-21-42 (Count II); (3) breach of contract against Ace Property and Casualty Insurance Company ("Ace") for Policy No. D951543113N (Count III); (4) breach of contract against Ace for Policy No. D95154311 (Count IV); (5) insurer bad faith against Defendant (Count V); and (6) insurer bad faith against Ace (Count VI). (D.E. 10 ("Compl.") ¶¶ 5–67.) On April 4, 2025, Plaintiffs voluntarily dismissed their claims against Ace, proceeding only with their claims against Defendant. (D.E. 20.)

Following discovery and pursuant to a scheduling order, (D.E. 22), Plaintiffs and Defendant now move for summary judgment. (D.E. 25 ("SJ Mot. I") and D.E. 27 ("SJ Mot. II.")) All briefing was timely completed. The parties submitted a Joint Statement of Material Facts in support of their respective motions for summary judgment.

II.  **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.


56(a). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the nonmovant who "must set forth specific facts showing that there is a genuine issue for trial." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)). Although courts view all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, the nonmoving party cannot simply rely on the "mere allegations or denials of his pleadings." *Id.* at 288. Similarly, "[b]are assertions, conclusory allegations, or suspicions will not suffice." *Id.* at 288–89 (quoting *Central Dauphin*, 765 F.3d at 268–69). If the nonmoving party fails to make an adequate showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

On summary judgment, the court may not make credibility determinations or weigh the evidence; instead, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). "[T]he court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial … constru[ing] the facts and inferences in the light most favorable to the non-moving party." *Capitalplus Equity, LLC v. Prismatic Dev. Corp.*, Civ. No. 07-321, 2008 WL 2783339 (D.N.J. July 16, 2008).

There is, however, "no issue for trial unless the nonmoving party can demonstrate that there is sufficient evidence favoring the nonmoving party so that a reasonable jury could return a verdict in that party's favor." *First Valley Leasing, Inc. v. Goushy*, 795 F. Supp. 693, 696 (D.N.J. 1992). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Am. Seating Co. v. Archer Plastics Inc.*, Civ. No. 11-53, 2012 WL 2937338, at *6 (D.N.J. July 18, 2012) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Self-serving, conclusory affidavits and testimony, when contradicted by other record evidence, are insufficient to create a genuine dispute of material fact. *Irving v. Chester Water Auth.*, 439 F. App'x 125, 127 (3d Cir. 2011) (finding "self-serving deposition testimony" which conflicted with deponent's "earlier testimony and … other record evidence … insufficient to raise a genuine issue of material fact"); *Marrin v. Cap. Health Sys., Inc.*, Civ. No. 14-2558, 2017

3

WL 2369910, at *17–20 (D.N.J. May 31, 2017) (granting summary judgment despite nonmovant's "conclusory" affidavit contradicted by record evidence).

## III. DISCUSSION

Plaintiffs seek summary judgment for their remaining claims against Defendant: (1) breach of contract for Policy No. 680-8J231653-19-42 (Count I); (2) breach of contract for Policy No. 680-8J231653-21-42 (Count II); and (3) insurer bad faith against Defendant (Count V). Plaintiffs argue that they are entitled to judgement as a matter of law on Counts I and II because Defendant wrongfully denied coverage for the loss sustained by Plaintiffs during the policy period. (SJ Mot. I at 3.) Plaintiffs further contend that the Policy should be reformed to meet the reasonable expectations of the insured. (*Id.* at 17.) Defendant cross-moves for summary judgment asserting that: (1) Plaintiffs' breach of contract claims must be dismissed because Defendant paid Plaintiffs the full limit of coverage per the Policy; and (2) Plaintiffs' bad faith claim must be dismissed because Plaintiffs cannot succeed on their breach of contract claims. (SJ Mot. II at 8–18.)

### A. Counts I and II – Breach of Contract

Plaintiffs move for summary judgment for breach of contract stating that: Defendant violated the terms of Policy No. 680-8J231653-19-42, which covers the policy period of September 16, 2019 to September 16, 2020; and (2) Policy No. 680-8J231653-21-42, which covers the policy period of September 16, 2021 to September 16, 2022.[2] Defendant cross-moves for summary judgment asserting that it has already paid the full limit of coverage that Plaintiffs are entitled to per the Policy.

The interpretation of an insurance policy is a question of law. *Frazier Indus. Co. v. Navigators Ins. Co.*, 149 F. Supp. 3d 512, 516 (D.N.J. 2015) (citing *Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med.*, 46 A.3d 1272, 1276 (N.J. 2012)). Under New Jersey law, when interpreting an insurance policy, courts give the policy's words their plain, ordinary meaning. *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006) (internal citations omitted). If the policy language is clear, the insurance policy should be interpreted as written. *Id.* Here, the Policy language is unambiguous and clearly limits coverage

---

[2] The Court is aware that Defendants claim to have erroneously informed Plaintiffs that the $25,000 payment was made pursuant to the 2022-23 policy period, rather than the 2021-22 policy period. However, the parties filed a Stipulated Joint Statement of Material Facts, which states that the payment was made pursuant to the 2022-23 policy period. (Joint SMF ¶ 14.) As such, this Court will not consider Defendant's claim that the $25,000 payment was made pursuant to the 2021-22 policy period. Likewise, Plaintiffs cannot use their brief to amend their complaint to include additional policy periods not specified in their complaint. *Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) ("A plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.' ") (internal citation omitted). This Court's analysis is not impacted in any event.

for losses sustained due to employee dishonesty to $25,000 per occurrence.[3] (D.E. 25-3 at 17.) The limit of insurance does not cumulate year to year or period to period. (*Id.*) Thus, the threshold question for this Court to address is whether D'Elia's fraudulent conduct constituted a single occurrence.

The Policy defines an "occurrence" as "all loss or damage covered by the same 'employee(s)' whether the result of a single act or a series of acts." (D.E. 25-3 at 17.) Plaintiffs contend that D'Elia's actions were multiple "occurrences" that occurred in multiple policy years. (D.E. 28 ("Pls.' Opp.") at 3–8.) However, the case law relied upon by Plaintiffs is distinguishable from the facts of this matter. For instance, Plaintiffs argue that the continuous trigger theory articulated in *Owens-Illinois, Inc. v. United Ins. Co.*, 650 A.2d 974 (N.J. 1994) applies to D'Elia's fraudulent transactions. However, *Owens-Illinois* and its progeny focused on damage caused by exposure to asbestos and other progressive environmental injuries, not embezzlement cases such as this matter. *See Cont'l Ins. Co. v. Honeywell Int'l, Inc.*, 188 A.3d 297, 312 (N.J. 2018).

Plaintiffs also argue that *Auto Lenders Acceptance Corp. v. Gentilini Ford, Inc.*, 854 A.2d 378 (2004) is instructive in determining whether D'Elia's actions constituted a single occurrence. (SJ Mot. 1 at 15.) In *Auto Lenders*, the Court found that the fraud-induced sales did not involve a "single act or series of related acts" because the sales required the defendant to "relinquish possession of twenty-seven cars on twenty-seven separate occasions to twenty-seven distinct customers." *Auto Lenders Acceptance Corp. v. Gentilini Ford, Inc.*, 854 A.2d 378, 397 (2004). It held that the similarity of the acts does not transform them into one continuous event where each purchaser and the terms of each sale were unique. *Id.* at 398. Importantly, the Court also emphasized that the fraudulent conduct was distinguishable from "typical embezzlement cases where an employee steals cash or checks from an employer as part of an ongoing scheme to defraud." *Id.*

Here, the theft by D'Elia constituted a single occurrence. D'Elia stole money from Plaintiffs as part of an ongoing scheme to defraud. Plaintiffs do not allege conduct like the unique circumstances outlined in *Auto Lenders*. Instead, D'Elia's conduct falls within the category of embezzlement-type cases described by the New Jersey Supreme Court where the conduct constitutes "a single act or series of related acts." Accordingly, Defendant satisfied its contractual obligations by paying Plaintiffs the full limit of coverage that they were entitled to per the Policy. As such, Defendant is entitled to judgment as a matter of law on Counts I and II and thus, Plaintiffs' Motion for Summary Judgment as to Counts I and II is denied.

### B. Count V – Insurer Bad Faith

Under New Jersey law, to bring a successful bad faith claim against an insurer, an insured must show: "(1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2)

---

[3] Given that the language of the Policy is clear and there is no reason to override the unambiguous language of the Policy, this Court declines to apply the reasonable expectations doctrine. *See Gibson v. Callaghan*, 730 A.2d 1278, 1282 (N.J. 1999) ("In the absence of any ambiguity, courts 'should not write for the insured a better policy of insurance than the one purchased.'") (internal citation omitted).

the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." *Ketzner v. John Hancock Mut. Life Ins. Co.*, 118 F. App'x 594, 599 (3d Cir. 2004) (citing *Pickett v. Lloyds*, 621 A.2d 445, 454 (N.J. 1993)). A claimant who cannot establish as a matter of law a right to summary judgment on the substantive claim cannot be entitled to assert a claim for an insurer's bad faith refusal to pay the claim. *Badiali v. New Jersey Mfrs. Ins. Grp.*, 107 A.3d 1281, 1288 (2015) (citing *Pickett*, 621 A.2d 445 at 445)). As stated above, Plaintiffs are not entitled to judgment as a matter of law on their breach of contract claims. Accordingly, Plaintiffs' Motion for Summary Judgment as to Count V is denied and Defendant is entitled to judgment as a matter of law on Count V.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is **DENIED;** Defendant's Cross-Motion for Summary Judgment is **GRANTED;** and Plaintiffs' Second Amended Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                                            /s/ Susan D. Wigenton  
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc:    Parties  
       José R. Almonte, U.S.M.J.